### No. 11,792.

### DOWNS, PUBLIC TRUSTEE, ET AL. v. WEYAND.

Decided May 16, 1927.

Action to recover money paid. Judgment for plaintiff.

· *Affirmed.*

### *On Application for Supersedeas.*

1. TRUST DEED—*Foreclosure—Attorney Fee.* Where a public trustee wrongfully and without authority instituted a foreclosure suit, the defendant owner is held entitled to recover the amount of attorney's fee paid the trustee under protest in order to secure a release of the trust deed.

*Error to the District Court of Moffat County, Hon.*
*Charles E. Herrick, Judge.*

Mr. F. E. Dickerson, for plaintiffs in error.

Mr. J. F. Meador, for defendant in error.

*Department Two.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiff below, Weyand, had judgment against the defendant Downs, public trustee of Moffat county, for $760 and interest, and the defendant is here on error. The parties ask for a decision on this application for a supersedeas. The judgment is manifestly right. Plaintiff Weyand had given to defendant Downs as public trustee a trust deed on his lands in Moffat county to secure the payment of his promissory notes in favor of one Matt Flum, payee and beneficiary. Downs, as public trustee, through an attorney apparently employed by him, had brought suit for foreclosure of the trust deed, which seems to have been a renewal of a former obligation. Flum, the holder of the notes secured by the trust deed, did not authorize the bringing or prosecution of the foreclosure action. When Weyand ascertained that this action had been brought he tendered to the public trustee the full amount of the secured debt and interest and costs and asked for a release of the trust deed, which Downs, as trustee, refused to. execute unless Weyand paid him the additional sum of $760 and interest, for what he said was the attorney's fee in the foreclosure matter. Before this time Weyand had made an agreement for the sale of oil and gas royalties on the mortgaged land and had until a certain time to clear his title of this incumbrance. The time was short for him to complete this royalty deal, and so to get the title clear

and to save himself from damages and serious loss and the forfeiture of the royalty agreement, he paid, as he says, to Downs the amount demanded as an attorney's fee, but paid it under compulsion and protest; since Downs threatened unless the attorney's fee was paid he would refuse to execute a release of the trust deed and threatened to proceed with the advertised foreclosure and sale.

The chief, indeed, the only, error of any consequence complained of on this review is that the evidence shows conclusively that the payment of the attorney's fee by the plaintiff to the public trustee was purely voluntary on his part, and, therefore, cannot be recovered in the absence of fraud of which there was no evidence. Assuming this to be the law of the case it is enough to say that this issue was submitted to the jury upon an instruction as to the effect of a voluntary payment, drawn by Downs' attorney, and the jury found that the payment was not voluntary, but was made under protest. The check that evidenced the payment itself contains a notation that it was given under protest. We have examined the instructions and find no error whatever in them. The question is solely one of fact and the jury found for the plaintiff and rightly so. The evidence is that the plaintiff, holder of the secured note, never authorized the bringing of the suit, or employed, or authorized employment of, the attorney for the trustee who filed the complaint in the foreclosure action. Plaintiff did not want the suit brought and did not know that it was brought for some time after the complaint was filed and protested against it. The jury was justified in believing, and by their verdict expressed its belief, that a fraud was perpetrated upon the plaintiff. There is no evidence even tending to show that the holder of the note employed the attorney who brought the foreclosure suit or promised to pay or paid him any sum whatever as attorney's fee for bringing it. The attorney who appears for plaintiff in error here was not his attorney

at the trial below and the record does not show that he is to be held responsible for the conduct of his client. The jury was fairly instructed. No error at the trial has been brought to our attention. The jury must have believed, and upon ample evidence, that a palpable fraud was perpetrated by the defendant upon the plaintiff and righted the same by its verdict. Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.